UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JOHN H. HULSE )
 )
v. ) NO. 2:04-CV-416
 )
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

**MEMORANDUM OPINION**

The plaintiff John H. Hulse has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for disability insurance benefits under the Social Security Act. The defendant has also filed a motion for summary judgment.

Mr. Hulse was born in 1943 and was 59 years old at the time of his administrative hearing. [Tr. 349]. He completed his General Education Development [GED] degree and has relevant past work experience as a sewing machine operator. [Tr. 15, 349]. Mr. Hulse alleges he is disabled as of April 24, 2001, from rheumatoid arthritis. [Tr. 15]. Based upon a finding that his severe impairment was not severe enough, the Administrative Law Judge [ALJ] found that Mr. Hulse was not disabled as defined by the Social Security Act. [Tr. 16].

Mr. Hulse's testimony was received into evidence at his administrative hearing held on October 29, 2002. [Tr. 348-57]. Mr. Hulse testified that he considered the rheumatoid arthritis he had in his joints to be his most serious impairment. [Tr. 349-50]. He left his last job because he was offered early retirement and could no longer perform his job like he had been able to. [Tr. 351]. He currently works three hours a week helping a friend with a car auction. [Tr. 352]. Mr. Hulse is able to drive to town, eat out at restaurants, visit with a relative in a nursing home, visit with his sister, and buy groceries. [Tr. 353].

The ALJ ruled that Mr. Hulse was not disabled because his severe impairment of rheumatoid arthritis was not severe enough for a finding of disability. [Tr. 16]. The ALJ then found Mr. Hulse retained the residual functional capacity [RFC] to perform work at the medium level of exertion. [*Id.*]. The ALJ also found that Mr. Hulse could return to his past relevant work as a sewing machine operator. [Tr. 17].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to

support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Hulse requests summary judgment and challenges the ALJ's finding that he could perform medium work and return to his past relevant work as a sewing machine operator. Medium work involves occasionally lifting no more than 50 pounds at a time with frequent lifting and carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567(c). A state agency physician reviewed the medical records in April 2002 and reported that Mr. Hulse could lift/carry 50 pounds occasionally, lift/carry 25 pounds frequently, and sit/stand/walk for six hours out of an eight-hour workday. [Tr. 202]. The only evidence to contradict the state agency physician was supplied by Mr. Hulse's treating physician. However, as upheld below, that evidence was inconsistent. In addition, Mr. Hulse described daily activities of driving a vehicle, visiting relatives, grocery shopping, and the occasional yardwork. [Tr. 353-54]. He also worked for three hours one day out of the week moving cars at an auction. [Tr. 352]. Based on the above, the ALJ's decision that Mr. Hulse could perform medium work was made with substantial evidence.

Regarding his ability to perform his past relevant work, Mr. Hulse described

3

that work as a sewing machine operator as requiring him to lift 10 pounds occasionally and less than 10 pounds frequently, walk for two hours out of an eight-hour workday, and sit for six hours out of an eight-hour workday. [Tr. 60]. The ALJ found this work to be light and unskilled. [Tr. 15]. Because the ALJ's finding that Mr. Hulse could perform medium level exertional work was upheld, the ALJ's additional finding that he could perform his past relevant light and unskilled work must also be upheld as based on substantial evidence.

Mr. Hulse also contends the ALJ erred in failing to accord any weight to the opinion of his treating physician, Dr. William M. Bell, III. Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

According to Dr. Bell, "the rigors of gainful employment would be more than [Mr. Hulse] could bear." [Tr. 212]. The ALJ indicated that this opinion was inconsistent with the doctor's own treatment notes which indicated Mr. Hulse's disease is under control with medications. [Tr. 17]. Indeed, in the same treatment notes from October 2002 when Dr. Bell wrote that, essentially, Mr. Hulse was unable

4

to work, the doctor also wrote that he encouraged Mr. Hulse to remain active and that his medications were helping to "keep his disease under good control." [Tr. 212]. In addition, Dr. Bell's treatment notes indicate Mr. Hulse's morning stiffness lasted about 30 minutes and he did not have any new areas of swelling, tenderness, or pain to report. [Tr. 193-196, 212].

The state agency physician who reviewed the medical records (including Dr. Bell's) in April 2002 reported that Mr. Hulse could lift/carry 50 pounds occasionally, lift/carry 25 pounds frequently, and sit/stand/walk for six hours out of an eight-hour workday. [Tr. 202]. Because Dr. Bell's opinion was out of sync with his own treatment notes and the opinion of another physician, there was substantial evidence to support the ALJ's contention that Dr. Bell's opinion was inconsistent.

After careful consideration of the entire record of proceedings related to this case, Mr. Hulse's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
    THOMAS GRAY HULL
      SENIOR U. S. DISTRICT JUDGE